### 2028. McMANUS CO. *v.* DREXEL FURNITURE CO.

1. When the excerpts from the charge to which exceptions are taken are considered in connection with the instructions of the trial judge as a whole, the assignments of error are not meritorious, and afford no ground for reversing the judgment refusing a new trial.

2. While one of the instructions to which the defendant excepted, in reference to latent defects, was not exact in the abstract, it presented the defendant's contentions concretely more favorably than it was en-

titled to have them presented, and was adjusted to the undisputed evidence in the case. The specific objection made becomes immaterial and valueless, in view of the explicit instruction that if the jury believed that after the defendant received the goods, it discovered latent defects and notified the plaintiff of their existence, and insisted that the same should be remedied or taken account of, then and in that event any partial payments made by the defendant to the plaintiff would in no sense be a waiver or an estoppel as to the rights of the defendant to insist upon its plea of partial failure of consideration.

3. The evidence authorized the verdict, and there was no error in refusing a new trial.

DECIDED JULY 19, 1910. REHEARING DENIED SEPTEMBER 6, 1910.

Complaint; from city court of Macon—Judge Hodges. March 22, 1910.

*Hardeman, Jones & Johnston,* for plaintiff in error.

*T. E. Ryals,* contra.

RUSSELL, J. The Drexel Furniture Company brought a suit upon an account for the unpaid balance of the purchase-price of certain furniture sold by it to the L. McManus Company. By amendment the plaintiff asked judgment for certain extra pieces alleged to have been sent to the defendant in lieu of certain pieces which were to be returned by the defendant, and which had not been so returned. The jury, however, seems not to have sustained the plaintiff's claim as set forth in the amendment. The defendant pleaded two items of freight as partial payments upon the plaintiff's account, and also pleaded partial failure of consideration, alleging that the furniture delivered was worth only 75 per cent. of the value of the furniture to be delivered under the contract. By way of further amendment to its plea of partial failure of consideration, the defendant averred that it did not accept the goods sued for, but immediately notified the plaintiff that they were not such as were purchased, and that thereafter the plaintiff changed some of the goods first shipped and supplied some pieces in place of others. In the amendment it was alleged that the defects were latent, and were not discovered when the goods were first delivered to the defendant, and could not have been discovered by reasonable diligence on its part, but since the delivery of the goods to the defendant, it had discovered other defects, including deficiency in putting together the goods, and in workmanship. The jury found in favor of the plaintiff, for the unpaid balance of the account as originally sued for, and interest thereon, and found that this amount should

be reduced by the claim of the defendant for freight; and judgment was entered accordingly. The defendant's motion for a new trial was overruled, and exception is taken to that judgment.

So far as the general grounds of the motion for a new trial are concerned, it is only necessary to say that while there was conflicting evidence as to every point material to the issue, the jury were authorized to find that the defendant had failed to establish its plea of failure of consideration. All of the special grounds of the motion for a new trial are addressed to errors alleged to have been committed in charging the jury. It is insisted that the judge erred in charging that "if the L. McManus Company accepted the goods with actual knowledge of latent or hidden defects,—of the alleged latent or hidden defects existing in the furniture, whereby the furniture failed in consideration under the rules of law as given you in charge, and that with such actual knowledge on the part of the L. McManus Company, the L. McManus Company paid, in whole or in part, any of the purchase-price due or alleged to be due and owing to the Drexel Furniture Company, with such actual knowledge of the existence of such alleged latent defects, such conduct on its part (on the part of L. McManus Company) would amount to a waiver in the case with reference to the alleged latent defects which the L. McManus Company had actual knowledge of, provided, at the time of the alleged payments, the L. McManus Company did not put the Drexel Furniture Company on notice of the existence of such alleged latent defects, and of its intention to insist upon its alleged rights with reference to the plea of partial failure of consideration." It is insisted that this instruction is erroneous, "because contrary to law and to section 3657 of the Civil Code, and because partial payment with knowledge of a defective condition will not estop the buyer from pleading partial failure of consideration." It can be conceded that it was immaterial whether the McManus Company, at the time of the payments to the Drexel Furniture Company, had notice of the existence of the latent defects or gave notice of its intention to insist upon a deduction arising from and dependent upon these defects. Whether there was or was not a waiver of any latent defects would in any case depend upon the proof; and whether the instruction of the judge, of which complaint is made, was exactly correct or not, no harm could have resulted to the defendant, for, by the statement

of the proviso, the judge conformed so completely to the undisputed evidence that the contention of the defendant was really presented more favorably than was its right. Furthermore, immediately following the instruction which we have quoted above, the judge correctly instructed the jury that if the goods were received by the McManus Company and they discovered any latent defects, and notified the Drexel Company of these latent defects, and insisted that the same should be remedied or taken account of, then any partial payments made by the McManus Company would in no sense be a waiver of the right of the McManus Company to insist upon an abatement of the purchase-price, as set up in the plea of partial failure of consideration, or in any sense estop the McManus Company from insisting upon its rights under the plea of partial failure of consideration. The remaining special exceptions are so devoid of merit as not to require elaboration.

The judge did not err in instructing the jury, in connection with other instructions upon the evidence, that it was the duty of the defendant to establish its plea of failure of consideration by a preponderance of the evidence, and it can not be said that this instruction eliminated from the consideration of the jury the finding of a general verdict for the defendant. While the judge might properly have charged the jury that a latent defect was one which could not have been discovered by inspection, yet we see no ground for complaint in the definition given in his own language when he instructed the jury that "a patent defect is a defect that is apparent. By the ordinary exercise and use of the senses it can be discovered. A latent defect is one that is hidden and not apparent; the two words 'patent' and 'latent' meaning just what the two words imply, a defect that is apparent and a defect that is hidden." The charge of the court fully submitted the defendant's defense. It is not subject to the objection that the defendant's defense, that the property contained defects which could not have been discovered by inspection and that the property was never accepted with a knowledge of such defects, was not fully and fairly presented. Even if it was error to instruct the jury that the defendant should have notified the plaintiff of the existence of the defects, the error was harmless, because there was no dispute as to the fact that from the time that the defendant first received the goods, up to the trial, the defendant had continually made complaint to the plaintiff.

There was no view of the case in which the jury could have found that the plaintiff was not notified by the defendant that there were defects, and therefore, even if the court incorrectly treated this as one of the essentials, the jury could not have been misled thereby in reaching a conclusion. The real question in the case—the controlling issue—was whether the defects really existed. There was no question upon the point of *notification,* because the defendants testified that they notified the plaintiff of the defects; and the plaintiff, although it did not admit the defects, admitted the notices, and therefore the mere statement by the court of this admitted fact, though it was immaterial, could not be prejudicial. The jury resolved in favor of the plaintiff the conflicts in the evidence. A verdict in favor of either party would have been authorized, under the evidence, but the finding of the jury was approved by the trial judge, and we have no right to interfere. *Judgment affirmed.*